## No. 948.

### H. S. BUCKNER vs. M. T. GORDY, SHERIFF, ET AL.

For the purposes of the trial on defendant's exception, the allegations of Buckner, the plaintiff, must be taken as true. It would then appear that a fictitious claim was made, to defraud *bona fide* creditors of their mortgage rights upon the property seized. One having a real right upon property has the right to oppose the claims of all persons who assert rights against the property, which, if maintained, would defeat his claim. The judge *a quo* erred in maintaining the exception and dismissing the suit.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train, J. Fred. Gates,* for plaintiff and appellant. *A. L. Tucker, Edward Simon,* for defendants and appellees.

LUDELING, C. J. At the suit of Corinne Perret the undivided half of a plantation on the Bayou Teche was sold and Madame G. L. Fuselier bought it, paying a part in cash and giving her two notes of $3459 07 each, secured by special mortgage on the land sold. These notes Mrs. Perret transferred to Béraud & Gibert, of New Orleans. Mrs. Fuselier, having purchased the land in question, mortgaged it to H. S. Buckner. Béraud & Gibert obtained an order of seizure and sale, which was enjoined by Mrs. Fuselier on various grounds, among them that the notes did not belong to Béraud & Gibert, and that she had given them in error, and that they were without consideration. She had previously attached the notes in a suit she brought against Mrs. Perret for a debt she claimed the latter owed her. Subsequently, it appears that upon some arrangement among the parties, Mrs. Fuselier dismissed her attachment against Mrs. Perret and her injunction against Béraud & Gibert, and the land was sold under the writ of Béraud & Gibert. Buckner came in as third opponent, and obtained an order directing the sheriff to retain in his hands till further order of the court the proceeds of the sale of the undivided half-part of the lands described in his petition, sold at the suit of Béraud & Gibert in suit No. 6760. He prayed judgment in his favor, decreeing the proceeds to be paid to him, after payment of costs and taxes, in preference to Béraud & Gibert, the seizing creditors;

Buckner vs. Gordy.

that Béraud & Gibert be cited to answer; and that the notes and mort-gages given to secure the payment of the notes made in favor of Corinne Perret be declared null and void, without consideration, and of no effect against him.

To the proceeding of Buckner, Béraud & Gibert excepted on several grounds, the principal one of which is that the opponent, Buckner, predi-cates his demand upon rights (if any exist, which they deny,) wholly personal to his debtor, Mrs. Maria E. L. Frère, upon which he can not stand in judgment and of which he can not avail himself in these pro-ceedings. They allege that by the order obtained by the opponent, Buck-ner, retaining in the hands of the sheriff the funds of the defendants, amounting to more than eight thousand dollars, he embarrasses their business as commission merchants, and causes them great damage, and has caused them to incur heavy expenses for counsel fees and other neces-sary charges in defending this suit. They pray that the plaintiff's action be dismissed, and that they have judgment against him on their recon-ventional demand for two thousand dollars damages and all costs of suit.

The exceptions were sustained and the plaintiff's action dismissed at his costs. The question of damages claimed in the defendants' recon-ventional demand was reserved for future action against the plaintiff. From this judgment the plaintiff has appealed.

For the purposes of the trial on the exception the allegations of Buck-ner, the plaintiff, must be taken as true. It would then appear that a fictitious claim was made, to defraud *bona fide* creditors of their mortgage rights upon the property. One having a real right upon property has the right to oppose the claims of all persons who assert rights against the property, which, if maintained, would defeat his claim.

It is therefore ordered and adjudged that the judgment of the lower court be annulled and that the exception be overruled, and that the case be remanded to the court *a qua* to be tried on the merits.

It is further ordered that appellees pay costs of this appeal.

Rehearing refused.